```
IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| -v- | 08-CR-6264CJS |
| LAMAR RICHARDSON, | |
| Defendant. | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S POST-TRIAL MOTIONS**

The United States of America, through its attorneys, William J. Hochul, Jr., United States Attorney for the Western District of New York, and Charles E. Moynihan, Assistant United States Attorney, of counsel, hereby files its response to defendant's post-trial motions filed by defendant Lamar Richardson on August 26, 2010.

On July 26, 2010, a jury trial commenced in the case of the <u>United States v. Lamar Richardson</u>, 08-CR-6264. On August 6, 2010, the jury returned as verdict of guilty on Count One, charging the defendant with Conspiracy to Possess with Intent to Distribute Cocaine Base, Count Three, charging the Defendant with Maintaining a Premises for the Purpose of Manufacturing, Distributing and Using Marijuana and Cocaine Base, and Count IV, charging the defendant with Possession and Brandishing a Firearm in Furtherance of, and

Using and Brandishing a Firearm During and in Relation to the Drug Trafficking Offenses charged in the Indictment.  Subsequent to these verdicts, the defense has filed motions pursuant to Rule 29 and Rule 33 of the Federal Rules of Criminal Procedure.  The government hereby responds to these motions.

I.   STANDARD OF REVIEW FOR MOTIONS UNDER RULE 29

A defendant who challenges the sufficiency of the evidence under Rule 29 "bears a heavy burden."  United States v. Jackson, 335 F.3d 170, 180 (2d Cir. 2003); United States v. Desena, 260 F.3d 150, 154 (2d Cir. 2001).  The jury's verdict must be upheld if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  Jackson v. Virginia, 443 U.S. 307, 319 (1979); Jackson, supra, 335 F.3d at 180; United States v. Reyes, 302 F.3d 48, 58 (2d Cir. 2002); Desena, supra, 260 F.3d at 154; United States v. Guadagna, 183 F.3d 122, 129 (2d Cir. 1999).

When considering the government's proof for Rule 29 purposes, the court must "view the evidence in the light most favorable to the Government with respect to each element of the offense," United States v. Mariani, 725 F.2d 862, 865 (2d Cir. 1984), and must analyze the evidence "in its totality, not in isolation."  United

States v. Autuori, 212 F.3d 105, 114 (2d Cir. 2000); United States v. Eppolito, 543 F.3d 25, 45 (2d Cir. 2008). Moreover, the court must "resolve all issues of credibility in favor of the jury's verdict," Desena, supra, 260 F.3d at 154, and "credit[ ] every inference that the jury might have drawn in favor of the government," United States v. Morrison, 153 F.3d 34, 49 (2d Cir. 1998) *quoting* United States v. Hernandez, 85 F.3d 1023, 1030 (2d Cir. 1996); *see also* Eppolito, 543 F.3d at 45; Guadagna, 183 F.3d at 129, because "it is the task of the jury, not the court, to choose among competing inferences that can be drawn from the evidence." Jackson, 335 F.3d at 180.

The Second Circuit in Jackson again cautioned that "courts must be careful to avoid usurping the role of the jury when confronted with a motion for acquittal." Id. at 180 (reiterating that Rule 29(c) does not provide the trial court with an opportunity to substitute its own determination of the credibility of witnesses, the weight of the evidence and the reasonable inferences to be drawn for that of the jury); accord, United States v. Mariani, supra, 725 F.2d at 865.

A.   **PRIOR RULE 29 MOTIONS**

The defendant moved for judgment of acquittal at the end of the government's case, and again at the end of all the proof. The district court denied these motions.

B.   **ELEMENTS OF CRIME**

In order to satisfy its burden of proof with respect to the various counts of the Indictment, the government must establish each of the following elements beyond a reasonable doubt:

**Count 1 - 21 U.S.C. § 846**

that an agreement existed between two or more persons to commit a controlled substance felony offense; that the defendant knew of the existence of the agreement; and, that the defendant intended to participate in the unlawful agreement.

**Count 3 - 21 U.S.C. § 856(a)(1)**

that the defendant permanently or temporarily maintained (*or* rented *or* leased *or* used) the place described in the Indictment, and maintained that place for the purpose of manufacturing,

distributing or using any controlled substance, and acted knowingly.

**Count 4 - 18 U.S.C. § 924(c)(1)**

that the defendant knowingly possessed a firearm; and

that the firearm was possessed in furtherance of a drug trafficking crime for which he could be prosecuted for in a court of the United States.

C.   RESPONSE TO DEFENDANT'S ARGUMENTS

Contrary to the defendant's view of the trial, a rational jury easily found each of the essential elements of the crimes alleged in Counts One, Three and Four, beyond a reasonable doubt.[1]

As to Count One, the jury rightfully concluded that the defendant knowingly agreed and conspired with at least one other person in a concerted effort to violate the drug laws of the United States.  Indeed, the credible proof supported the jury's conclusion

---

[1] The government notes that the jury acquitted Lamar Richardson of Count Two of the Indictment, which alleged Possession of Cocaine Base with Intent to Distribute.

that the defendant conspired with the co-defendant, Jon Lucas, maintained the premises at 1955 East Main Street, Apartment 1, Rochester, New York, for the purposes of manufacturing, distributing and using cocaine base and marijuana, and possessed and brandished a firearm in furtherance of, and used and brandished a firearm during and in relation to the drug trafficking offenses as charged in the Indictment.  In viewing the evidence in the light most favorable to the Government with respect to each element of the offenses charged, the jury could have reasonably found the evidence supported each elements of the offenses of conviction.

In resolving the instant Rule 29 motion, the court need delve no deeper than the testimony of Jeffrey Lafond, which alone was sufficient to convict.  That is to say, a witness's direct testimony to a particular fact provides sufficient evidence of that fact for purposes of a sufficiency-of-the-evidence challenge. See United States v. Desena, 287 F.3d 170, 177 (2d Cir. 2002); see also United States v. Jespersen, 65 F.3d 993, 998 (2d Cir. 1995).  A defendant may be convicted on the uncorroborated testimony of a single witness (United States v. Gonzalez, 110 F.3d 936, 941 (2d Cir. 1997), including an accomplice witness (United States v. Parker, 903 F.2d 91, 97 (2d Cir. 1990), "so long as that testimony is not incredible on its face and is capable of establishing guilt

beyond a reasonable doubt" (United States v. Gordon, 987 F.2d 902, 906 (2d Cir. 1993).

The government submits that Mr. Lafond's testimony was clear and credible, and alone forms the basis for denying the defendant's motion because Mr. Lafond, during the trial testimony, described an incident wherein he purchased cocaine base from the co-defendant, Jon Lucas, on the night of the defendant's arrest. Mr. Lafond described how the defendant was present during the transaction at the location in question and even pointed a shotgun at Mr. Lafond. The reasonable inference, one to which the Court must give deference, is that the jury found that the defendant was working with the co-defendant during this drug transaction.

However, in addition to the testimony of Mr. Lafond, there was significantly more evidence. The record is replete with testimony by police witnesses who went to 1955 East Main Street to investigate the allegations reported by Mr. Lafond. One such witness, Officer Matthew Klein of the Rochester Police Department, described how he approached the door, knocked on it, heard what sounded like a heavy object sliding across the floor, saw the door open, saw the defendant point a shotgun at him and then saw the door close. Further, Officer Klein described how the defendant re-opened the door and the officers entered the apartment and observed

the co-defendant in the doorway area to the living and smelled marijuana in the apartment.

Officers also testified that they found the shotgun in a bedroom and a bowl covered with baking soda residue and a small plastic bag containing a waxy substance believed to be imitation cocaine base. Further, Officer Jason Kamykoski, from the Rochester Police Department, testified that he found the defendant to be in possession of marijuana. Finally, Officer Keith Beer, also from the Rochester Police Department, testified that he found the co-defendant to possess cocaine base and a sum of $432.00 in United States currency.

Given the additional testimony regarding the defendant's possession and brandishing of the firearm and the co-defendant's possession of cocaine base and money, the evidence regarding the seizure of the shotgun, the paraphernalia, as well as the presence of a smell of marijuana in the apartment in question, a rational juror could have easily determined that the defendant was guilty of the Counts One, Three and Four of the Indictment.

As to the counts of conviction, defense counsel offers that "the government failed to prove each and every element of the offenses . . ." See, Attorney's Declaration, ¶¶ 8A - 9. Regarding

the conspiracy count, the defense argues that the government failed to prove, first, an agreement between the defendant and the co-defendant, second, a specific intent to achieve the objective of the conspiracy, and, third, an overt act in furtherance of the conspiracy.

The evidence presented at trial clearly shows that each of these requirements, to the extent they are required, has been met. The existence of an agreement can be inferred from the actions of the participants. United States v. Beech-Nut Nutrition Corp., 871 F.2d 1181, 1191-92 (2d Cir. 1989) *cert. denied* 493 U.S. 933 (1989); United States v. Rubin, 844 F.2d 979, 984 (2d Cir. 1988). Here, it was obvious that the defendant and the co-defendant, when looking at their actions, were working together. The defendant was present in the same location at the time the co-defendant sold cocaine base to Mr. Lafond and actually maintained the shotgun at that time. Furthermore, the defendant answered the door and pointed a shotgun at a police officer. These circumstances could lead the jury to find that such an agreement existed.

Defense counsel argues that the Court should grant the motion because the government failed to prove an act in furtherance of the conspiracy and that the defendant had the specific intent to

distribute controlled substances.[2]  The court should deny the requested relief on this ground as well.  The co-defendant's sale coupled with the possession of the shotgun could lead the jury to find that the act in furtherance of the conspiracy had been committed and that the defendant possessed the specific intent to further the sale of controlled substances by protecting the operation.  Given the extent of the evidence on the issue of the existence of an agreement, it was hardly a stretch for the jurors to conclude that the defendant was part of a conspiracy to possess cocaine base with the intent to distribute it.

With respect to Count Three of the Indictment, the defense argues that evidence does not support the element that the defendant permanently or temporarily maintained (***or*** rented ***or*** leased ***or*** used) the place described in the Indictment, and maintained that place for the purpose of manufacturing, distributing or using any controlled substance.  Here, the jury could have found, based upon the fact the defendant was present not

---

[2]The government argues that the it is not required to prove that an act in furtherance of the conspiracy be committed.  See United States v. Shabani, 513 U.S. 10, 115 S.Ct. 382 (1994) (government need not prove commission of any overt acts in furtherance of conspiracy in violation of 21 U.S.C. § 846); United States v. Story, 891 F.2d 988, 992 (2d Cir. 1989) ("The only elements of a section 846 narcotics conspiracy offense are the existence of a conspiracy and defendant's willfully joining it."); United States v. Knuckles, 581 F.2d 305, 311 (2d Cir. 1978); United States v. Bermudez, 526 F.2d 89, 94 (2d Cir. 1975).

only at the time the co-defendant sold cocaine base to Mr. Lafond but several hours later when law enforcement went to the location to investigate allegations of drug trafficking, that the defendant either permanently or temporarily maintained or rented or leased or used the premises in question to manufacture, distribute or use controlled substances.

Finally, the defense offers that the government has failed to prove the predicate drug offense or offenses required to convict the defendant of Count Four of the Indictment, the firearms charge. For the reasons stated above, the defense arguments in this regard must fail, as well. Accordingly, the defendant's motion under Rule 29 should be denied.

**II.   STANDARD OF REVIEW FOR MOTIONS UNDER RULE 33**

A motion for a new trial should only be granted in extraordinary circumstances. *See* Romero v. United States, 28 F.3d 267, 268 (2d Cir. 1994) (per curiam). A District Court's denial of a Rule 33 motion is reviewed for abuse of discretion, United States v. Wong, 78 F.3d 73, 78 (2d Cir. 1996); United States v. Parker, 903 F.2d 91, 103 (2d Cir. 1990), and the decision whether to conduct an evidentiary hearing on a motion for a new trial is discretionary. *See* United States v. Sasso, 59 F.3d 341, 350-51 (2d

11

Cir.1995). The findings of fact made by a district court in any Rule 33 hearing will be overturned only if clearly erroneous. See United States v. Imran, 964 F.2d 1313, 1318 (2d Cir. 1992). "Rule 33 confers broad discretion upon a trial court to set aside a jury verdict and order a new trial to avert a perceived miscarriage of justice." United States v. Sanchez, 969 F.2d 1409, 1413 (2d Cir. 1992).[3]

**A.  Response to Defendant's Allegations**

It appears that the defense argues that a new trial is warranted in this case because the Court incorrectly denied severance of this defendant's trial from the co-defendant's trial. See, Attorney's Declaration, ¶¶ 10 - 13. It further appears that the defense argues that a new trial is warranted because the Court did not instruct the jury as to what is described as the "Heller/Self Defense Charge". See, Attorney's Declaration, ¶¶ 14 - 20.

The Court should deny the request for a new trial on the grounds that it incorrectly denied the defendant's motion to sever

---

[3] To the extent that defense counsel relies on its arguments that a new trial is warranted due to legally insufficient evidence, the government relies on its arguments set forth above and asks that the Court deny the requested relief.

the trial from that of the co-defendant.  This is so because the Court properly decided that motion in the first instance.  A defendant's trial is properly severed under Rule 14 when he demonstrates substantial prejudice from a joint trial, not just a better chance of acquittal at a separate one.  United States v. Borelli, 435 F.2d 500, 502 (2d Cir. 1970), *cert denied* 401 U.S. 946 (1971); *See also* United States v. DeSapio, 435 F.2d 272, 280, (2d Cir. 1970).  In order to obtain new trial under these grounds, the defendant needs to demonstrate that substantial prejudice resulted from the joint trial.  United States v. Magnano, 543 F.2d 431, 435, n.2 (2d Cir. 1976).  A trial court's refusal to grant severance will rarely be disturbed on review.  Borelli, 435 F.2d at 502.

Here, the defense argues that there was such prejudice that the defendant's rights to a fair trial were violated.  In this regard, the defense, again, argues that no illegal agreement was established and offers that testimony by the officers who seized cocaine base and United States currency from the co-defendant prevented a fair trial. Essentially, this argument is supported by nothing more than the assertion that the defendant would have faired better at a separate trial.  This alone, is not sufficient to warrant the defense's requested relief.  *See* United States v. Borelli, 435 F.2d 500, 502 (2d Cir. 1970), *cert denied* 401 U.S. 946

(1971). Accordingly, the government requests that the Court deny the defendant's motion for a new trial on this ground.

The Court should deny the request for a new trial on the grounds that the Court did not instruct the jury as to what is described as the "Heller/Self Defense Charge". A defendant is entitled to a jury charge that reflects any defense theory for which there is a foundation in the evidence. United States v. Prawl, 168 F.3d 622, 626 (2d Cir.1999).[4] To prevail on a contention that the trial court erred in refusing to give requested instructions, the defendant must establish that his own proposed language accurately represented the law in every respect and that the charge actually given, viewed as a whole, prejudiced him. United States v. Dove, 916 F.2d 41, 45 (2d Cir.1990) *citing* United States v. Ouimette, 798 F.2d 47, 49 (2d Cir.1986). Here, the defense argues that the Court, under the decision in District of Columbia v. Heller, 128 S.Ct. 2783 (2008), was required to instruct the jury as to self defense. See, Attorney's Declaration, ¶¶ 14 - 20. In this regard, the defense states that the defendant did not

[4] A reviewing court will review the propriety of jury instructions using a de novo standard of review if an objection is made during the trial. United States v. Naiman, 211 F.2d 40, 50 (2d Cir. 1999) *citing* United States v. Abelis, 146 F.3d 73, 82 (2d Cir 1998), *cert. denied*, 525 U.S. 1009 (1998). If a party does not object to the decision regarding whether to issue or not to issue a particular instruction, a reviewing court will review for plain error. Fed. R. Crim. P. 52(b).

possess the weapon and, if he did, it was lawful and defensive in nature.

As stated above, the proposed jury instruction must accurately represent the law in every respect. In this case, the proposed jury instruction failed to do even this. In <u>United States, v. Sloley</u>, 19 F.3d 149 (4th Cir. 1994), the Fourth Circuit, Court of Appeals stated:

> As a matter of law, "self-defense is irrelevant to a section 924(c) violation." <u>United States v. Poindexter</u>, 942 F.2d 354, 360 (6th Cir.), *cert. denied*, 502 U.S. 994, 112 S.Ct. 615, 116 L.Ed.2d 637 (1991); *accord* <u>United States v. Johnson</u>, 977 F.2d 1360, 1378 (10th Cir.1992) ("[O]nce the association between the use of firearms and drug trafficking is shown, any additional finding that self defense motivated use of the firearms is not relevant to a conviction under § 924.") (citation omitted), *cert. denied*, 506 U.S. 1070, 113 S.Ct. 1024, 122 L.Ed.2d 170 (1993); *see also* <u>United States v. Hill</u>, 971 F.2d 1461, 1484-85 (10th Cir.1992) (*en banc*) (Moore, J., dissenting) (stating that Congress in 1986 rejected an amendment to § 924(c) that would have allowed a drug-trafficking defendant to claim self defense if he had used or carried a firearm because he feared being arrested "unlawfully" by a police officer) (citation omitted).
>
> 19 F.3d 149, 153 (4th Cir. 1994).

Put more simply, the Court properly declined to issue the requested self defense instruction because self defense is

completely irrelevant to violations of Title 18, United States Code, Section 924(c). Charging the jury as to self defense in this regard would have been an incorrect statement of law, and as such, the defendant was not entitled to it. *See also* United States v. Daija, 529 F.Supp. 2d 465 (S.D.N.Y 2008) (a claim of self-defense is irrelevant to a charge for using or carrying a firearm during and in relation to a drug trafficking crime as long as the required elements are met).

The defense raises the recent decision of the United States Supreme Court in District of Columbia v. Heller, 128 S.Ct. 2783 (2008), in support of its contention that the self-defense instruction was warranted. The Supreme Court in the Heller decision stated, "[N]othing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms. Heller, 128 S.Ct. at 2816-17. Further, the Supreme Court only intended to present examples and did not intend the list to be exhaustive of legal prohibitions. Id. at 2817, n.26.

The Seventh Circuit, Court of Appeals, stated, "The Court said in Heller that the Constitution entitles citizens to keep and bear arms for purpose of *lawful* self-protection, not *all* self protection." United States v. Jackson IV, 555 F.3d 635, 636 (7th Cir. 2009). In that case, the defendant raised a constitutional question to his conviction to violating Title 18, United States Code, Section 924(c). "The Constitution does not give anyone the right to be armed while committing a felony, or even to have guns in the next room should suppliers, customers, or the police threaten the dealer's stash." Id. The Seventh Circuit observed that while the defendant may want to protect himself from burglars and would-be wrong doers, the decision to operate an illegal business in one's home is also important. Id. The Northern District of New York agreed in United States v. Rose, 2009 WL 2412401 (N.D.N.Y. 2009). It stated:

> Section 924(c) criminalizes the use or carriage of a firearm "during and in relation to any crime of violence" or the possession of a firearm in furtherance of any such crime. This language does not run afoul of the individual right guaranteed by the Second Amendment and its terms are readily understandable. *See* United States v. Hungerford, 465 F.3d 1113, 1118 (9th Cir. 2006); United States v. Rodriguez, 841 F.Supp. 79 (E.D.N.Y. 1994); United States v. Hoch, 837 F.Supp. 542 (W.D.N.Y. 1993). This Court has not found any cases invalidating § 924 as a result of Heller. *See* Costigan v. Yost, 2009

17

> WL 1636907, at 2-3 (3d Cir. June 11, 2009); <u>United States v. Rush</u>, --- F.Supp.2d ----, 2009 WL 2148811, at 1-2 (M.D.Ala. July 14, 2009); <u>United States v. Heredia-Mendoza</u>, 2008 WL 4951051 (W.D.Wash. 2008).
>
> 2009 WL 2414201, at 6.

As such, any suggestion to the jury that self defense, in any way, justified the defendant's action on the date in question is plainly incorrect. Even under the most recent jurisprudence considering the issue, the statute criminalizing possessing and brandishing a firearm in furtherance of a drug trafficking offense and using and brandishing a firearm during and in relation to a drug trafficking offense, is constitutional. As such, the request to charge the jury with self defense was properly denied. Accordingly, the defendant's motion under Rule 33 should be denied.

**CONCLUSION**

For the above-stated reasons, the government asks the District Court deny the defense's motion for judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure.  Further, the government asks the District Court deny the defense's motion for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure.

Dated:  Rochester, New York, September 22, 2010

                        WILLIAM J. HOCHUL, Jr.
                        United States Attorney


              By:  S/*Charles E. Moynihan*
                    CHARLES E. MOYNIHAN
                    Assistant United States Attorney
                    United States Attorney's Office
                    Western District of New York
                    100 State Street, Room 620
                    Rochester, New York  14614
                    (585) 263-6760, Ext. 2271
                    Charles.Moynihan@usdoj.gov

cc:  Maurice J. Verrillo, Esq.

```
IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
```

UNITED STATES OF AMERICA

                                                            08-CR-6264CJS

        -vs-

LAMAR RICHARDSON,

        Defendant.

## CERTIFICATE OF SERVICE

I hereby certify that on September 22, 2010, I electronically filed the foregoing **GOVERNMENT'S RESPONSE TO DEFENDANT'S POST-TRIAL MOTIONS** with the Clerk of the District Court using its CM/ECF system, which would then electronically notify the following CM/ECF participants on this case:

    Maurice J. Verrillo, Esq.    maurice@verrillolaw.com

                                            S/*Barbara Petersheim*
                                           BARBARA PETERSHEIM